ROBERT REILLY, RESPONDENT, v. WOLF COHEN, APPELLANT.

Argued October 27, 1925—Decided March 26, 1926.

On appeal from the Supreme Court.

For the appellant, *McDermott, Enright & Carpenter (James D. Carpenter, Jr.,* of counsel).

For the respondent, *David T. Wilentz.*

PER CURIAM.

This is an appeal by Wolf Cohen from a judgment entered in the Supreme Court, on a verdict of a jury, for $20,000, in the Middlesex Circuit, against him and the Farmers Trucking Company, the latter not appealing.

The first point argued and relied on in the appellant's brief for a reversal of the judgment is that the trial judge erred in refusing the motions made on behalf of the defendant, Cohen, to nonsuit the plaintiff and to direct a verdict for Cohen.

Both motions were properly refused. There was testimony in the case from which the jury was warranted in finding that the injury which the plaintiff sustained was the result of the combined negligence of the Farmers Trucking Company and of Wolf Cohen in the operation of their vehicles. Whether the speed at which the appellant's bus was being propelled had any casual relation with the happening of the accident which resulted in the plaintiff's injury was a factual question for the determination of the jury.

The trial judge was requested to charge the following request: "The plaintiff has the burden of proving that the accident of which he complains was caused by negligence before he can recover a verdict, and before he can recover a verdict against either defendant he must satisfy you by a preponderance of the evidence that the defendant was guilty of negligence which proximately caused his injuries. The mere fact that there was an accident does not of itself establish negligence on the part of anyone." An exception was taken to the refusal of the court to charge the request.

An examination of the charge fails to disclose that the trial judge had instructed the jury regarding the burden of proof resting upon the plaintiff to establish the negligence of which he complained. It seems that this familiar instruction was inadvertently omitted from his charge. The defendant was entitled to the instruction that the burden rested upon the plaintiff to prove by a preponderance of the evidence that the injury of which he complains was caused by the negligence of the defendant.

The failure to charge the request, or, in lieu thereof, to charge the legal principle embodied therein, constituted error which necessitates a reversal of the judgment.

Judgment is reversed and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, GARDNER, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD. JJ. 13.